IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01310-WYD-BNB

ROBERT CARDENAS, an individual,

    Plaintiff,

v.

FINANCIAL INDEMNITY COMPANY, a California corporation; and
HAPPY DAYS INSURANCE, a Colorado agency,

    Defendants.

_____

**ORDER**

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction. Plaintiff seeks to remand this case to state court based on the fact that the case was not properly removed to this Court. Specifically, Plaintiff asserts that Defendant Financial Indemnity Company ["FIC"], the party who filed a notice of removal, has not shown that diversity jurisdiction exists. This is allegedly based on (1) a failure to demonstrate that the amount in controversy requirement is satisfied; and (2) a failure to demonstrate that Defendant Happy Days Insurance ["Happy Days"] was fraudulently joined and thus to show that complete diversity jurisdiction exists.

By way of background, the case arises from a motor vehicle accident where Plaintiff was allegedly injured when a vehicle owned by Bobby Suazo left the road and

Plaintiff was ejected from the vehicle. The vehicle was insured by FIC under a policy issued to Bobby Suazo and brokered by Happy Days. FIC was thus the insurer and Happy Days was the insurance agent. The amended complaint filed in state court asserts, among other things, that Happy Days was negligent in failing to inform Mr. Suazo of the availability of enhanced PIP benefits.

On June 20, 2007, Defendant FIC filed a Notice of Removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1). FIC asserted therein that the amount in controversy requirement was satisfied. Further, FIC asserted that while both Plaintiff and Defendant Happy Days are Colorado citizens, Happy Days was improperly and/or fraudulently joined by Plaintiff for the sole purpose of defeating federal diversity jurisdiction.

I find that this case must be remanded based on the failure by FIC to show that the amount in controversy is satisfied. The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted). In other words, the amount in controversy must be affirmatively established on the face of either the

petition or notice of removal. *Id.* The removal statute is construed narrowly. *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. 28 U.S.C. § 1332(a)(1). Thus, I turn to the notice of removal. The notice of removal references the amended civil cover sheet filed in state court contemporaneously with the First Amended Complaint which represents that Plaintiff "is seeking a monetary judgment for more than $100,000.00 against another party. . . . " Notice of Removal at 3 (citing *Amended Civil Cover Sheet*, Exhibit C, ¶ 2). That is the only allegation in the notice of removal regarding the amount in controversy.

I find that the Notice of Removal and the reference therein to the civil cover sheet filed in state court is not sufficient to establish that the jurisdictional amount is satisfied. A number of cases from this Court have held that reliance solely on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein. *See Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434, at * 3-4; *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534,25 at *1 (D. Colo. 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852, at *3 (D. Colo. 2007); *see also Dean v. Illinois Nat. Ins. Co.,* Civil Action No. 07-cv-01030-MSK-MJW (Order Remanding Action) (October 5, 2007).

While Defendant makes additional arguments in its response to the motion to remand about why the jurisdictional requirement is satisfied, these arguments are not properly considered because they were not made in the notice of removal. *See Laughlin,* 50 F.3d at 873. Further, I reject Defendant's argument that Plaintiff artfully pled the complaint in state court in a manner designed to defeat removal. Indeed, Rule 8(a) of the Colorado Rules of Civil Procedure prohibits a plaintiff from alleging a dollar amount in the prayer or the demand for relief in the complaint. Finally, because I find that the amount in controversy requirement is not satisfied, I need not consider the argument that Defendant Happy Days was fraudulently joined for purposes of defeating diversity jurisdiction.

Based on the foregoing, it is

ORDERED that Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction is **GRANTED**. The Clerk of Court is directed to **REMAND** this action to the Adams County District Court from which the case was removed.

Dated: November 30, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge